IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ENERGY CENTER OMAHA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>222 S. 15TH STREET, LLC,<br><br>Defendant. | 8:24CV76<br><br>TEMPORARY RESTRAINING ORDER |

This matter is before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 3) submitted by Plaintiff, Energy Center Omaha, LLC ("Supplier"). The Court has considered the Motion, the allegations in Supplier's Complaint (Filing No. 1), the Brief in Support of the Motion (Filing No. 4), Exhibits in support of the motion, (Filing No. 5), and the arguments made by both Supplier and Defendant, 222 S. 15th Street, LLC ("Customer"), at the hearing on the Motion. Customer submitted evidence and argument in opposition. Filing Nos. 16 and 18.

**BACKGROUND**

Supplier seeks injunctive relief precluding the Customer from distributing proceeds from the sale of its premises. Supplier has provided steam and chilled water services to the central business district of Omaha, serving over 70 customers. The current owner of the property is the Customer. The parties entered into and executed an agreement on August 17, 2021, that was to last for 20 years. In January 2024, Customer notified Supplier that it intended to sell the property in question to a specific buyer. The closing is likely to take place today. Such agreement contained an Early Termination Payment.

1

Filing No. 5-2 at 7. The amount of this payment totals approximately $4.3 million, or around $250,000 per year. There are currently 17 years remaining on the agreement.

## LEGAL STANDARDS

Fed. R. Civ. P. 65 governs the issuance of injunctive relief. Courts in this jurisdiction apply the *Dataphase* factors when determining whether to grant a temporary restraining order. See *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (citing *Dataphase* as applicable to temporary restraining order). In *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the Court identified the four factors that are to be considered: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." The issuance of a temporary restraining order is meant to preserve the status quo. As *Dataphase* explains:

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. The equitable nature of the proceeding mandate that the court's approach be flexible enough to encompass the particular circumstances of each case.

*Id.* at 113. A party may obtain a TRO under Fed. R. Civ. P. 65(b) to preserve the status quo until there is an opportunity to hold a hearing on an application for a preliminary injunction. § 2951 Temporary Restraining Orders—In General, 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.) (noting the sharply limited duration of a temporary restraining order). If the restraining order does not state how long it will remain in effect, it automatically expires after 14 days. *Id.* Once granted, a temporary restraining order can be extended beyond its initial duration for a similar period upon a showing of good cause or if the

adverse party consents to a longer extension. Fed. R. Civ. P. 65(b)(2). The rule requires that "[t]he reasons for an extension must be entered in the record." Id.

**ANALYSIS**

1. Threat of Irreparable Harm/ Merits

Supplier argues that it will be unable to recoup the proceeds of the sale if this Court does not impound the proceeds until such time as the Court determines the preliminary injunction motion and or the trial in this case. Filing No. 4 at 13–14. The Supplier contends that the Agreement is unequivocally clear that it is entitled to these damages. Filing No. 4 at 8–9. Customer has clearly indicated it will not pay the Early Termination Payment once the sale is finalized. Filing No. 4 at 18. Customer argues that the Agreement permits it to break the contract for certain causes such as tornados, earthquakes and other unforeseen circumstances. Filing No. 16 at 11–12. Such circumstances, argues Customer, include Covid and market forces, such as building a new building by a third party that will reduce the value of the property. Filing No. 4 at 4–5. However, Supplier notes that Customer purchased these services during Covid (so that cannot be an unforeseen cause) and that normal market forces cannot be a reason to break the contract. Filing No. 4 at 10.

The Court finds that this factor weighs in favor of the Supplier. The Agreement contemplates payment of these monies, and this is an arm's length transaction between two knowledgeable businesses. Further, the Court finds that Supplier's argument will likely win on the merits, although there will be a need for more evidence on the amount of the remedy. Second, the Court finds that the arguments of the Customer regarding market forces and regarding Covid are not likely defenses in this case.

2. <u>Balance of Harm</u>

The balance of harm weighs more heavily on the Supplier. When the sale goes through, there will be no way for the Supplier to collect, as all the proceeds will have been distributed.

3. <u>Public Interest</u>

The Court likewise finds the balance of harm weighs in favor of the Supplier. The public has a right to assume that valid contracts are enforceable. It would upset the business transactions if such agreements were no longer predictable.

For purposes of the temporary hearing and motion, the Court finds that Supplier has shown a probability of success on the merits; that irreparable injury will result to Supplier if the Motion is not granted; and that the balance of harms and the interests of the public favor granting the Motion. Accordingly, the Motion will be granted consistent with the below provisions, and the Temporary Restraining Order entered.

IT IS SO ORDERED:

1. Plaintiff Energy Center Omaha, LLC's Motion for Temporary Restraining Order (Filing No. 3) is granted;

2. Defendant 222 S. 15th Street, LLC is enjoined from dissipating and/or distributing sale proceeds in the amount of $1,000,000 from its sale of the Property located at 222 S. 15th Street, Omaha, Nebraska 68102, to its members or otherwise pending the final disposition of this action;

3. Plaintiff shall, pursuant to Fed. R. Civ. P. 65, post a nominal bond in the amount of Five Thousand Dollars ($5,000) with the Clerk of the Court. A surety is not required to protect the interests of Defendant; and

4. The hearing on Plaintiff's Motion for Preliminary Injunction will take place on March 7, 2024, at 1:30 p.m. before the undersigned in Courtroom 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

Dated this 29th day of February, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge